MATTHEW A. HODEL (SB# 93962)
Email: mhodel@hodelwilks.com
FRED L. WILKS (SB# 205403)
Email: fwilks@hodelwilks.com
HODEL WILKS LLP
4 Park Plaza, Suite 640
Irvine, California 92614
Telephone: (949) 450-4470
Facsimile: (949) 450-4479

Attorneys for Specially Appearing Defendant
MANE WORLD PROMOTIONS, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

DENNIS GRAY, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

TALK FUSION, INC., a Florida corporation, TALK FUSION WORLDWIDE, INC., a Florida corporation, MANE WORLD PROMOTIONS, INC., an Oregon corporation, and ROBERT REINA, a resident of Florida.

Defendants.

CASE NO. 15cv2665-LAB (JLB)

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MANE WORLD PROMOTIONS, INC.'S MOTION TO DISMISS**

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. PLAINTIFF HAS NOT ESTABLISHED THAT THIS COURT HAS JURISDICTION OVER DEFENDANT MANE WORLD .......... 1

A. There Are No Facts Supporting General Jurisdiction .......... 1

B. There Are No Facts Supporting Specific Jurisdiction .......... 4

1. Mane World did not purposefully direct any alleged wrongful conduct at California .......... 5

a. There is no evidence of an "intentional act." .......... 5

b. There is no evidence of "express aiming.." .......... 6

c. There is no evidence Mane World knew harm in California was likely .......... 7

2. Plaintiff's claim does not arise out of any forum-related activity by Mane World .......... 8

3. The exercise of jurisdiction over Mane World would not comport with fair play and substantial justice .......... 8

III. THERE IS NO BASIS EXISTS FOR JURISDICTIONAL DISCOVERY .......... 9

IV. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**STATE CASES** **PAGE(S)**

Pavlovich v. Superior Court, 29 Cal. 4th 262 (2002) ........ 6

**FEDERAL CASES** **PAGES(S)**

Barantsevich v. VTB Bank, 954 F. Supp. 2d 972 (C.D. Cal. 2013) ........ 9

be2 LLC v. Ivanov, 642 F. 3d 555 (7th Cir. 2011) ........ 7

Boschetto v. Hansing, 539 F. 3d 1011 (9th Cir. 2008) ........ 9

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) ........ 8

Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F. 2d 535 (9th Cir. 1986) ........ 9

Callaway Golf Corp. v. Royal Canadian Golf Assoc., 125 F. Supp. 2d 1194 (C.D. Cal. 2000) ........ 6

CollegeSource, Inc. v. Academy One, Inc., 653 F. 3d 1066 (9th Cir. 2011) ........ 4, 7

Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F. 2d 1284 (9th Cir. 1977) ........ 5, 9

DFSB Kollective Co. Ltd. V. Bourne, 897 F. Supp. 2d 871 (N.D. Cal. 2012) ........ 7

Estate of Konell v. Allied Property & Casualty Insurance Company 2014 WL 11072219 (D. Or., Jan. 28, 2014) ........ 3

General Steel Domestic Sales LLC v. Suthers, 2007 WL 704477 (E.D. Cal. March 2, 2007) ........ 6

Glinsky v. Bongalis-Royer, 2015 WL 6755361 (S.D. Cal., Nov. 3, 2015) ........ 6

Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F. 3d 1122 (9th Cir. 2003) ........ 5

Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F. 3d 1218 (9th Cir. 2011) ........ 6

**FEDERAL CASES (Continued)** **PAGES(S)**

Mehr v. Federation Internationale de Football Association, 115 F. Supp. 3d 1035 (N.D. Cal. 2015) ..... 9

Orchid Biosciences, Inc. v. St. Louis University, 198 F.R.D. 670 (S.D. Cal. 2001) ..... 9

Pebble Beach Co. v. Caddy, 453 F. 3d 1151 (9th Cir. 2006) ..... 6, 9

Picot v. Weston, 780 F. 3d 1206 (9th Cir. 2015) ..... 1, 4, 5

Schwarzenegger v. Fred Martin Motor Co., 374 F. 3d 797 (9th Cir. 2004) ..... 4

Tuazon v. R.J. Reynolds Tobacco Co., 433 F. 3d 1163 (9th Cir. 2006) ..... 1, 2

Walden v. Fiore, 134 S.Ct. 1115 (2014) ..... 5, 8

**STATUTES AND RULES** **PAGE(S)**

Federal Rule of Civil Procedure § 12(b)(2) ..... 1, 5

Federal Rule of Civil Procedure § 12(b)(6) ..... 1

Federal Rule of Evidence 602 ..... 3, 4

Federal Rule of Evidence 901 ..... 3, 4

4811-0439-9665, v. 1

# I. INTRODUCTION

Plaintiff's opposition ignores the facts supporting Mane World's Motion to Dismiss – namely, that Mane World has no physical presence in California, has not entered into any contracts with customers in California, and does not specifically target its services to California. Plaintiff merely argues, without any supporting evidence, that since California is "next door" Mane World must have done business here. Plaintiff bore the burden of proving that this court may properly exercise personal jurisdiction over Mane World, but has presented *no evidence* to meet that burden. The motion should be granted.

# II. PLAINTIFF HAS NOT ESTABLISHED THAT THIS COURT HAS JURISDICTION OVER DEFENDANT MANE WORLD

Plaintiff cannot simply rest his jurisdictional argument on the bare allegations of his complaint. Plaintiff must meet his burden of *proving* a basis for this court to exercise jurisdiction over Mane World. *See e.g., Picot v. Weston*, 780 F.3d 1206, 1210 (9th Cir. 2015).[1] Plaintiff has failed to meet his burden of establishing either general jurisdiction or specific jurisdiction.

## A. There Are No Facts Supporting General Jurisdiction

In support of his argument that Mane World is subject to general jurisdiction in California, Plaintiff cites *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163 (9th Cir. 2006). However, in *Tuazon* the Ninth Circuit reaffirmed that: "The standard for general jurisdiction is high; contacts with a state must 'approximate physical presence.' [Citation.] Put another way, a defendant must not only step through the door, it must also '[sit] down and [make] itself at home.'" *Id.* at 1169 (citations omitted).

Plaintiff asserts that *Tuazon* stands for the proposition that courts examine

[1] Inexplicably, Plaintiff's opposition discusses at length the legal standard applicable to a motion to dismiss for failure to state a claim, pursuant to FRCP 12(b)(6). That standard does not apply to this motion made pursuant to FRCP 12(b)(2).

"*all* of the defendant's activities that impact the state." (Opp. at 10:26-30.) More accurately, the Ninth Circuit stated: "We consider, among other factors, whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Tuazon,* 433 F.3d at 1172 (citations and inner quotations omitted). Mane World does none of these things in California. (*See* Declaration of Mark Genovese [Docket #10-2] ("Genovese Decl."), at ¶¶ 3-7.)

Further, *Tuazon* did not hold, as Plaintiff suggests, that general jurisdiction presumptively exists where a defendant "grosses more than a million dollars" in California. While the Ninth Circuit in *Tuazon* cited the defendant tobacco company's $145-$240 million in annual net profits in the jurisdiction, numerous other factors supported jurisdiction as well: it was licensed to do business in the state for more than 60 years; it had an office in the state with 40 full-time employees; it identified the state as a "primary market"; and it held a market share in the state of approximately 30%. *Id.* at 1167-68. Here, Mane World has no physical presence in California, it is not licensed to business here, and it has no office or employees here. Mane World does not receive *any* income from Talk Fusion web portal customers in California. (Genovese Decl., ¶¶ 3-7.) There is certainly no evidence that Mane World has received anything close to a million dollars from any dealings in California.

Plaintiff contends that Mane World is subject to general jurisdiction because its website was allegedly "designed to cultivate deep, persistent ties with California residents and Talk Fusion." (Opp. at 13:21-23; 19:16-18). However, Plaintiff *does not cite any admissible evidence* to support this argument.

Plaintiff's "Exhibit P" – Robert Branscomb's website.[2] This document, which Plaintiff's counsel apparently printed from the Internet, purports to be one or more webpages belonging to a Talk Fusion associate named Robert Branscomb. (*See* Spreter Decl., Ex. P at pp. 117, "This website is created, maintained and operated by a Talk Fusion Associate.") As stated in Mane World's objections, Plaintiff has not authenticated this document. Further, Plaintiff offers *no evidence* whatsoever connecting Mane World to Exhibit P. No witness offers any testimony based on personal knowledge about who created the document. Exhibit P, also labeled Exhibit Q, is inadmissible. Fed.R.Evid. 602, 901. *See also Estate of Konell v. Allied Property & Casualty Insurance Company* (D. Or., Jan. 28, 2014) 2014 WL 11072219, at *1 (to authenticate a printout of a web page, the proponent must offer evidence, *inter alia*, that "the website where the posting appears is owned or controlled by a particular person or entity" and "the authorship of the web posting is reasonably attributable to that person or entity.") Even if Exhibit P were admissible, it does not support jurisdiction in California over Mane World. Plaintiff offers no evidence that Mane World in any way controls the content of the webpage reflected in Exhibit P.

Rather than offer evidence, Plaintiff points to boilerplate allegations in its Amended Complaint, which reads:

> Specifically, Robert Reina. Talk Fusion, Inc., Talk Fusion Worldwide, Inc., and Mane World Promotions, Inc. were involved in the creation and dissemination of marketing materials containing misrepresentations regarding Talk Fusion and have authorized the Blue Diamond Co-Conspirators to direct conference calls, websites, web presentations and speeches that contain numerous

---

[2] The Spreter Declaration identifies this document as Exhibit "P," but it is labeled as Exhibit Q at pp. 103-118. It is variously referred to in the Opposition as both "Exhibit P" (*see* Opp. at 13:27-28; 16:23; 17:9; 19:21) and "Exhibit Q" (*see* Opp. at 14:20-21).

misrepresentations and that deceive people into participating in the Talk Fusion Pyramid.

(Am. Comp., ¶ 200.) Again, Plaintiff cannot satisfy his burden of proof in this manner. Plaintiff "cannot simply rest on the bare allegations of the complaint." *See Picot v. Weston*, 780 F.3d 1206, 1210 (9th Cir.2015); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.2004). Even if the Court were to consider this allegation, it does not connect Mane World to the state of California.

Exhibit 19 to the First Amended Complaint. This document apparently consists of printouts of a series of different websites relating to a company named Cognigen Networks. Like the bare allegations of the complaint, Plaintiff cannot rely on an unauthenticated attachment to his complaint to establish jurisdiction. Because no declaration testimony regarding this document is offered – in fact the complaint does not even discuss the document – it is inadmissible. *See* Fed. R. Evid. 602, 901. Even if one were to make assumptions about the document – *e.g.*, that Mane World's CEO authored one of the webpages available on the Internet – it does not establish jurisdiction over Mane World in California. The online post does not discuss California, and there is nothing indicating that it was targeted at California consumers. The mere fact that someone in California might read what Mane World's CEO posted online does not establish general jurisdiction over the company. *See e.g., CollegeSource, Inc. v. AcademyOne, Inc.,* 653 F.3d 1066, 1075–76 (9th Cir. 2011).

In sum, Plaintiff has fallen far short of meeting his burden of showing substantial, continuous and systematic contacts with the state of California that would subject Mane World to general jurisdiction in this state.

**B. There Are No Facts Supporting Specific Jurisdiction**

Plaintiff has not satisfied the three part test for establishing specific jurisdiction. Plaintiff must show: (1) Mane World purposefully directed wrongful conduct at California, (2) the asserted claim arises out of or relates to Mane World's

forum-related activities, and (3) the exercise of jurisdiction comports with fair play and substantial justice. *See Picot,* 780 F.3d at 1211. Plaintiff's opposition cites cases discussing the "purposeful availment" standard as it applies to contracts with California residents, but those cases do not apply here because no contract claims are asserted against Mane World. Where, as here, intentional torts are alleged, "[a] forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden v. Fiore*, 134 S.Ct. 1115, 1123 (2014). Plaintiff's offers no admissible evidence to meet this burden.

**1. Mane World did not purposefully direct any alleged wrongful conduct at California.**

To show purposeful direction, Plaintiff must show that (1) Mane World committed an intentional act; (2) Mane World expressly aimed its conduct at California; and (3) Mane World's actions caused harm that Mane World knew was likely to be suffered in California. *See Picot,* 780 F.3d at 1213-14. Plaintiff has not proven any of these requirements.

**a. There is no evidence of an "intentional act."**

As a threshold matter, Plaintiff has not pointed to any "intentional act" Mane World has committed. Plaintiff acknowledges that both Mane World and defendant Talk Fusion dispute his allegation that Mark Genovese (Mane World's principal, who is not a party to this lawsuit) designed self-replicating websites as alleged in the Amended Complaint.[3] Nevertheless, Plaintiff simply reargues, without offering evidence, that Mane World somehow "is an integral part of the internet based

---

[3] For purposes of a motion to dismiss under Rule 12(b)(2), the Court may not assume the truth of allegations in a pleading which are contradicted by affidavit. *See Data Disc, Inc.* 557 F.2d at 1284. *See also See Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir. 2003) ("Once a defendant has contradicted allegations in the complaint, the burden is on the plaintiff to present admissible evidence which would support the challenged allegations.")

pyramid scheme." (Opp. at 16:21-23.) The only support Plaintiff cites is his own one-paragraph allegation (Am. Compl., ¶ 200) and the unfounded, inadmissible Exhibits 19 and P—neither of which discusses (hearsay or not) any conduct by Mane World. Nor has Plaintiff alleged how Mane World's actions were a cause-in-fact of his alleged injury. *See Callaway Golf Corp. v. Royal Canadian Golf Assoc.*, 125 F.Supp.2d 1194, 1204 (C.D.Cal.2000) (for specific jurisdiction to attach, it must be determined that "but for" a defendant's forum-related activities, the plaintiff would not have suffered injury). Without this threshold showing that Mane World committed an intentional act, Plaintiff fails to establish that Mane World "purposefully directed" its conduct to this State. *See General Steel Domestic Sales LLC v. Suthers* (E.D. Cal. March 2, 2007) 2007 WL 704477, *6 (granting motion to dismiss for lack of personal jurisdiction where plaintiff "wholly fail[ed] to demonstrate how [defendant]'s website gave rise to the current suit.")

**b. There is no evidence of "express aiming."**

There is no evidence that Mane World targeted any conduct specifically toward California. Plaintiff suggests that the "express aiming" requirement is met by his (unsubstantiated) claim that "Defendant knew that California is one of the largest markets for consumer technology goods" (Opp. at 17:6-9) and that "Defendant knew that Plaintiff and/or members of the class would utilize its websites." The express aiming requirement, however, is not satisfied by mere foreseeability. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir.2006). *See also Pavlovich v. Superior Court*, 29 Cal.4th 262, 270-71 (2002) ("[M]erely asserting that a defendant knew or should have known that his intentional acts would cause harm in the forum state is not enough to establish jurisdiction under the effects test"); *Glinsky v. Bongalis-Royer* (S.D. Cal., Nov. 3, 2015) 2015 WL 6755361, at *3 ("While it is apparent that Defendants had some reach in California, it is not apparent that Defendants' activities were expressly aimed there.")

Moreover, "[n]ot all material placed on the Internet is, solely by virtue of its

universal accessibility, expressly aimed at every state in which it is accessed." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir.2011). Mane World's users come from across the United States and around the world; Mane World does not focus its efforts on California or any other specific geographic area. (Genovese Decl. ¶ 9.) "If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." *DFSB Kollective Co. Ltd. v. Bourne* (N.D. Cal. 2012) 897 F.Supp.2d 871, 881 (quoting *be2 LLC v. Ivanov,* 642 F.3d 555, 559 (7th Cir.2011)); *see also CollegeSource, Inc. v. AcademyOne, Inc.,* 653 F.3d 1066, 1075–76 (9th Cir.2011) (maintenance of a website does not support general jurisdiction in every forum in which users interacted with the website).

Given the complete lack of evidence that Mane World expressly aimed any wrongful conduct at California, the Court may not exercise specific jurisdiction over Mane World.

**c. There is no evidence Mane World knew harm in California was likely.**

Finally, Plaintiff has not demonstrated that Mane World's conduct caused harm that Mane World knew was likely to be suffered in California. Attempting to make such a showing, Plaintiff states:

> "It is more than reasonable for Defendant who is next door to California, and likely was friends and/or a business associate with Minh Ho, a prior resident of Oregon, who later recruited Plaintiff Dennis Gray, that California residents would utilize the SEO Optimized Talk Fusion websites."

(Opp. at 17:23-28.) Aside from the lack of any evidentiary foundation for this allegation, and its inherent speculation, it simply makes no sense. The mere fact that Mane World is based in Oregon, which is "next door" to California, does not

establish jurisdiction here. Nor does speculation that Mane World was "likely" acquainted with a former resident of Oregon, who later recruited Plaintiff, prove that Mane World knew its alleged conduct (the scope of which is still unclear) was likely to cause harm in California.

**2. Plaintiff's claim does not arise out of any forum-related activity by Mane World.**

The relationship among the defendant, the litigation and the forum must arise out of contacts that the "defendant himself" creates with the forum state. *Walden,* 134 S.Ct. at 1122 (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). As set forth above, Plaintiff has not come forth with any evidence showing a relationship between Mane World, the claims asserted in the Amended Complaint, and the state of California.

Throughout his Opposition, Plaintiff makes broad accusations about Mane World's purported connection to the other defendants, but it is Mane World's contacts, not those of any other defendant or third party, which determine whether the Court may exercise jurisdiction over Mane World. *Walden*, 134 S.Ct. at 1126. Plaintiff has not established that Mane World engaged in any intentional conduct aimed at, or in any way connected to, the state of California or Plaintiff. This requisite element for specific jurisdiction has not been met.

**3. The exercise of jurisdiction over Mane World would not comport with fair play and substantial justice.**

Plaintiff's Opposition does not address fair play and substantial justice. For the reasons set forth in Mane World's moving papers, which Plaintiff has not rebutted, it would be unreasonable to require Mane World to appear in this forum. (*See* Mane World's Memorandum of Points and Authorities in Support of Motion to Dismiss, filed 2/16/16, at 9:21-10:12.)

## III. THERE IS NO BASIS EXISTS FOR JURISDICTIONAL DISCOVERY

District courts have discretion in deciding whether to grant plaintiffs leave to conduct jurisdictional discovery while a motion to dismiss is pending. *Barantsevich v. VTB Bank,* 954 F.Supp.2d 972, 996 (C.D. Cal. 2013); *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 672 (S.D.Cal.2001).

Courts do not abuse their discretion in denying a request for discovery where, as here, it is "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing* 539 F.3d 1011, 1020 (9th Cir. 2008. "[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir.2006) (quotations and citation omitted).[4]

This is not a case in which the "facts" concerning jurisdiction are controverted or where a "more satisfactory showing of the facts is necessary." *Data Disc.* 557 F.2d at 1285 n.1. Plaintiff has not shown even a "colorable basis" for the exercise of general or specific jurisdiction. *Mehr*, 115 F.Supp.3d at 1054. Instead, as discussed above, Plaintiff has advanced nothing more than unsupported allegations and conjecture about Mane World's purported contacts with California.

---

[4] *See also Butcher's Union Local No. 498 v. SDC Inv., Inc.,* 788 F.2d 535, 540 (9th Cir.1986) (district court did not abuse its discretion by refusing jurisdictional discovery where plaintiff stated only that "they 'believe'" discovery will enable them to establish the court's personal jurisdiction); *Barantsevich*, 954 F.Supp.2d at 996 (jurisdictional discovery need not be allowed where the request amounts to a "fishing expedition"); *Mehr v. Federation Internationale de Football Association,* 115 F.Supp.3d 1035, 1054 (N.D.Cal. 2015) (where it was clear that that FIFA was not "at home" in California, as it is a Swiss association with its principal place of business in Zurich, Switzerland, any discovery relating to FIFA's general commercial activities in California would be irrelevant to the issue of general jurisdiction).

As an example of the information it seeks, Plaintiff states it will ask Mane World "why did it no due business in California, the 7th largest economy in the world and tech center of the world." (Opp. at 20:17-20.) No matter what answer Mane World might give to this question, it is not subject to jurisdiction in California simply because Plaintiff or the court might not like its reason for not doing business here.

Plaintiff's request for jurisdictional discovery is completely unsupported. The request should be denied.

**IV. CONCLUSION**

For the reasons set forth above and in Mane World's moving papers, Mane World respectfully requests that the Court dismiss the Amended Complaint based on lack of personal jurisdiction.

DATED: May 9, 2016

HODEL WILKS LLP
MATTHEW A. HODEL
FRED L. WILKS

By: s/ FRED L. WILKS
Attorneys for Specially Appearing Defendant
MANE WORLD PROMOTIONS, INC.

4823-8443-7040, v. 2

**CERTIFICATE OF SERVICE [CivLR 5.2]**

STATE OF CALIFORNIA )
) ss:
COUNTY OF ORANGE )

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is Hodel Wilks LLP, 4 Park Plaza, Suite 640, Irvine, CA 92614.

On May 9, 2016, I served the foregoing document(s) described as: **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MANE WORLD PROMOTIONS, INC.'S MOTION TO DISMISS** on the following interested parties by:

| | |
|---|---|
| Geoff Spreter<br>Spreter Law Firm, APC<br>402 W. Broadway, Suite 860<br>San Diego, CA 92101<br>Telephone: (619) 865-7986<br>Email: geoff@spreterlaw.com | Lawrence B. Steinberg<br>Buchalter Nemer<br>1000 Wilshire Blvd., Suite 1500<br>Los Angeles, CA 90017-1730<br>Telephone: (310) 891-0700<br>Email: lsteinberg@buchalter.com |

☒ **BY ELECTRONIC SERVICE:** I caused the listed documents to be electronically filed through the CM/ECF system at the United States District Court for the Southern District of California which generates a Notice of Electronic Filing to all parties and constitutes service of the electronically filed documents on all parties for purposes of the Federal Rules of Civil Procedure.

☐ **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Hodel Wilks LLP for collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I took said action(s) at the direction of a licensed attorney authorized to practice before this Federal Court.

Executed on May 9, 2016, at Irvine, California.

Heather Dorris